**EXHIBIT 1**

MICHAEL K. JEANES
Clerk of the Superior Court
By Darlene Espinoza, Deputy
Date 09/18/2015 Time 16:28:37
Description                    Amount
————— CASE# CV2015-054061 —————
CIVIL NEW COMPLAINT              319.00

TOTAL AMOUNT                     319.00
          Receipt# 24793956

David W. Lunn (#019526)
DKL Law, PLLC
14555 N. Scottsdale Road, Suite 240
Scottsdale, Arizona 85254
Telephone:  (480) 500-1360
Facsimile:  (480) 500-7341
david@dkllawfirm.com
-and-

Marie Napoli (pro hac vice pending)
Napoli Law, PLLC
1301 Avenue of the Americas, 10th Floor
New York, NY 10019
(212) 397-1000

-and-

Brittany Weiner (pro hac vice pending)
Imbesi Law, P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 736-0007

*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DAVID SENA, individually, and on behalf of all others similarly-situated, | Case No. CV2015-054061 |
| Plaintiffs, | **COMPLAINT** |
| v. | **(Breach of Contract, Unjust Enrichment, Fraud, Tortious Interference, Conversion)** |
| UBER TECHNOLOGIES, INC., a Delaware corporation; RAISER, LLC, a subsidiary of UBER TECHNOLOGIES, INC.; JOHN DOES I-V and JANE DOES I-V; BLACK CORPORATIONS I-V; WHITE LIMITED LIABLITY COMPANIES I-V; and GREEN PARTNERSHIPS I-V, | **Jury Trial Demanded** |
| Defendants. | |

1

1    For their Complaint against the Defendants, Plaintiff, David Sena, on behalf of
2  himself and all other individuals who have worked or are currently working as drivers for
3  Defendants Uber Technologies, Inc. ("Uber") and Raiser LLC ("Raiser"), an Uber
4  subsidiary ("Defendants" or "Uber") in the State of Arizona, by and through counsel,
5  alleges the following:

## PARTIES, JURISDICTION AND VENUE

7    1.    Plaintiff David Sena is a resident of Maricopa County, Arizona.

8    2.    Defendant Uber is a Delaware corporation headquartered in San Francisco,
9  California, that is authorized to conduct business and does conduct business throughout the
10  State of Arizona, including in Maricopa County, Arizona.

11    3.    Defendant Raiser is a subsidiary of Uber and is the equivalent of Uber for the
12  purposes of this action, and is authorized to conduct business and does conduct business
13  throughout the State of Arizona, including in Maricopa County, Arizona.

14    4.    Defendants   JOHN   DOES   I-V   and   JANE   DOES   I-V;   BLACK
15  CORPORATIONS I-V; WHITE LIMITED LIABLITY COMPANIES I-V; and GREEN
16  PARTNERSHIPS I-V, are fictitious Defendants whose true names or capacities, whether
17  individual, corporate, associate or otherwise, are unknown to Plaintiff at this time.  Plaintiff
18  therefore sues the Defendants by such fictitious names and will seek leave of the Court to
19  amend this Complaint when their true names and capacities become known.

20    5.    Defendants have caused events to occur in Maricopa County, Arizona.

21    6.    The amount in controversy exceeds the minimum jurisdiction and limits of
22  this Court.

23    7.    Venue is proper in Maricopa County, Arizona, because the Defendants
24  conduct business in Maricopa County, Plaintiff is a resident of Maricopa County, and the
25  events that give rise to Plaintiff's causes of action occurred in Maricopa County.

## CLASS ALLEGATIONS

27    8.    Plaintiff brings this Class action pursuant to A.R.S. §23(a), on behalf of
28  himself and all other similarly situated Uber drivers.

9. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, their affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and class counsel.

10. This action is properly maintainable as a class action. As provided in A.R.S. §23(a)(1), the proposed Class "is so numerous that joinder of all members is impracticable." As provided in A.R.S. §23(a)(2), "there are questions of law or fact common to the Class."

11. Among the questions of law and fact that are common to the class include, but are not limited to:

    a. Whether Defendants have charged customers a gratuity for class members' services;

    b. Whether Defendants failed to distribute the total proceeds of those gratuities to the class members;

    c. Whether Defendants have informed customers that gratuity is included in the price of the Uber service and so there is no need to tip the drivers;

    d. Whether class members have suffered damages based upon Uber's representation to customers that there is no need to tip the drivers;

    e. Whether Defendants improperly classified class members as independent contractors rather than employees;

    f. Whether class members have been required to pay the expenses of their employment, including the cost of a vehicle, repairs, gas and tolls; and

    g. Whether class members were denied employee benefits as required by law.

12. As provided in A.R.S. §23(a)(3), the proposed lead Plaintiff's representative claims are typical of those of the proposed Class because the proposed lead Plaintiff's damages are based upon the same legal theories. The proposed representative Plaintiff's

1   grievances, like the proposed Class grievances, arise out of the same business practices and

2   course of conduct of Defendants.   Further, Plaintiffs' damages arise out of a pattern of

3   nearly identical and repetitive business practices conducted by Defendants.   Finally, the

4   representative Plaintiff has no special circumstances that would put him in conflict with the

5   other members of the Class.

6       13.   As provided by A.R.S. §23(a)(4), the representative Plaintiff can adequately

7   represent the Class. No conflict of interest exists between the representatives and the Class

8   members or with respect to the claims for relief requested.

9       14.   The representative Plaintiff and his chosen attorneys are familiar with the

10  subject matter of the lawsuit and have full knowledge of the allegations contained in this

11  complaint so as to be able to assist in its prosecution. In addition, the representative's

12  attorneys are competent in the relevant areas of the law and have sufficient experience to

13  vigorously represent the Class. Furthermore, the resources available to Class counsel ensure

14  that the litigation will not be hampered by a lack of financial capacity. Plaintiffs' attorneys

15  have sufficient financial resources and are willing to absorb the costs of this litigation.

16      15.   As provided by A.R.S. §23(b), a class action is superior to any other available

17  method for adjudicating this controversy. This proposed class action is the surest way to

18  fairly and expeditiously compensate so large a number of injured persons; to keep the courts

19  from becoming paralyzed by hundreds, perhaps thousands of repetitive cases, and to reduce

20  transaction costs so that the injured Class can obtain the most compensation possible.  Class

21  treatment of this controversy presents a superior mechanism for fairly resolving similar

22  issues and claims without repetitious and wasteful litigation.

23                      **STATEMENT OF FACTS**

24      A.   **Background**

25      16.   Uber is a car service that provides drivers who can be hailed and dispatched to

26  through a mobile application.

27      17.   At all relevant times, Uber was an "employer" within the meaning of all

28  applicable statutes.

18.    Uber compensates its drivers weekly. Uber takes a percentage of the total fares driven and the driver receives the remainder of the fare.  Because Uber classifies its drivers as independent contractors, Plaintiff had to pay expenses, including gas, tolls, car repairs and lease payments, from his portion of the fare.

19.    From December of 2012 through the end of 2014, Plaintiff worked for Uber as an UberX driver.

20.    On average, Plaintiff drove sixteen (16) hours per week throughout the course of his employment with Uber.

21.    Initially, when Plaintiff began driving for Uber, he received 80% of the total fare, and Uber received the remaining 20% of the total fare.

22.    In the winter of 2014, Uber unilaterally changed the terms of Plaintiff's employment by substantially lowering the cost of a passenger fare. Although Plaintiff continued to earn 80% of the fare, his compensation per trip driven decreased due to Uber's decision to lower the cost of each ride.

23.    Plaintiff earned approximately $200 per week. From the $200, Plaintiff then had to pay his employment related expenses, including gas and tolls, which totaled between $35 and $50 per week.

24.    In the beginning of his employment, Plaintiff's expenses also included $10 per week for use of a borrowed iPhone. Once the application for Uber became accessible on an Android device, Plaintiff no longer needed to pay $10 per week for the cell phone rental.

25.    Over the course of his employment, Uber failed to compensate Plaintiff for any employment related expenses incurred, including gas, tolls, cellular phone bills, insurance, car maintenance and repairs.

26.    During the course of his employment, Plaintiff did not receive gratuities.

of the l

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file — there's no need to tip.

28.     Despite Uber's representation that "there is no need to tip," Uber drivers are not compensated for gratuities. In fact, Uber specifically instructed its drivers to refuse a cash gratuity if offered.

**B.     Misclassification of Drivers**

29.     Plaintiff alleges that Uber uniformly misclassifies its drivers as independent contractors when they should be categorized as employees.

30.     Uber exerts significant control over its drivers. For example, upon signing a license agreement to work for Uber, new drivers of Uber must watch a video demonstrating how Uber wants its drivers to interact with customers.

31.     In addition, all drivers for Uber must maintain an average customer star evaluation of at least 4.5 out of a possible 5 stars. Instructions on how to improve one's star rating are given to drivers who fall below this average in any given week. If a driver fails to maintain an average customer rating of 4.5, Uber will deactivate his or her ability to use the application to pick up customers, an action tantamount to terminating the driver "at will," a hallmark of an employee-employer relationship.

32.     As a result of its misclassification, Uber failed to provide Plaintiff and other similarly aggrieved employees with itemized wage statements, minimum wages and reimbursement for necessary expenses. Uber failed to keep accurate payroll records evidencing drivers' hours worked and wages paid and unlawfully retained gratuities owed to drivers, despite representing to customers and advertising that gratuity is included in the total cost of the service.

**B.     Violations of Arizona Labor Laws**

33.     Plaintiff further alleges that Uber violated Arizona Labor Law in its (i) failure to provide prompt payment of wages to drivers upon termination and resignation in violation of A.R.S. § 23-355; (ii) retention of gratuities intended for drivers in violation of A.R.S. § 23-202; (iii) failure to keep required payroll records in violation of A.R.S. § 23-364; and (iv) its failure to pay minimum wages in violation of A.R.S. § 23-363.

**COUNT I**

**TORTIOUS INTERFERENCE WITH CONTRACT & BUSINESS RELATIONS**

34.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all

prece*‥

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file – there's no need to tip.

36.    Defendants' conduct, in failing to remit the total proceeds of gratuities to drivers constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers.

37.    Defendants' conduct, informing customers "there is no need to tip," constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers.

38.    Defendants had a contract with Plaintiff, were aware of those contracts, intentionally procured the breach of those contracts, and caused Plaintiff damages thereby.

**COUNT II**

**BREACH OF CONTRACT**

39.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

40.    Defendants have a contract with the drivers, requiring them to remit to the drivers the total proceeds of all gratuities.

41.    At all relevant times, Defendants did withhold, and continue to withhold, gratuities given by customers to drivers, and/or gratuities that are incorporated into the set fare.

42.    Defendants' withholding of gratuities constitutes a breach of contract.

43.    As a result of the Defendants' withholding of gratuities, Plaintiff, on behalf of himself and the proposed class, has suffered damages by, among other things, not realizing the full income he and the class are entitled to receive.

## COUNT III

### __UNJUST ENRICHMENT__

44.   Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

45.   Defendants unlawfully retained gratuities owed to the drivers.

46.   As a result, Defendants has been unjustly enriched through their retention of a portion of the gratuities owed to the drivers.

47.   Plaintiff and the class members are entitled to restitution for their full share of the proceeds of the improperly retained gratuities.

## COUNT IV

### __CONVERSION__

48.   Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

49.   Defendants unlawfully took Plaintiff's property, namely tips and money spent for expenses, without Plaintiff's permission.

50.   As a result, Plaintiff was harmed and class members are entitled to restitution for their full share of proceeds, as well as treble damages.

## COUNT V

### __UNFAIR COMPETITION__

51.   Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

52.   Defendants' activities have caused confusion with, or have been mistaken for, Plaintiff's activities in the mind of the public, or are likely to cause such confusion or mistake; or Defendants has acted unfairly in Arizona some manner.

53.   Plaintiff's property rights, specifically gratuities and expenses, were misappropriated by Defendants for their commercial advantage.

54.     Defendants unjustly profited by Plaintiff's expenditure of time, labor and talent.

COUNT VI

**FRAUD AND MISREPRESENTATION**

55.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

56.     Defendants made a material representation of fact, that Plaintiff would receive gratuities, which was untrue, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

COUNT VII

**VIOLATIONS OF ARIZONA LABOR LAW**

57.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

58.     Despite the existence of an agreement indicating Plaintiff is an independent contractor, the treatment of Plaintiff and control exercised by Uber indicate that Plaintiff is an employee.

59.     Plaintiff seeks damages pursuant to Arizona Labor Law for violations of the following sections:

a.      Failure to provide prompt payment of wages to driver employees upon termination and resignation in violation of A.R.S. § 23-355;

b.      Improperly retaining portions of gratuities intended for driver employees in violation of A.R.S. § 23-202;

c.      Failure to keep required payroll records in violation of A.R.S. § 23-364;

d.      Failure to pay minimum wages in violation of A.R.S. §23-363.

60.     As a result of Uber's violations, Plaintiff is entitled to recover damages associated with the wages and benefits withheld in violation of Arizona Labor Law as well as attorneys' fees pursuant to New York State Labor Law § 23-355. In addition, Plaintiff

9

1   seeks the imposition of penalties on the Defendants with respect to the applicable

2   provisions of A.R.S. § 23-341 and § 23-364.

3   ### REQUEST FOR RELIEF

4       **WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, requests

5   relief against the Defendants as follows:

6       a.  An award of damages, including compensatory, punitive, and treble damages,

7           in an amount to be determined at trial;

8       b.  Notice to the Classes of the action;

9       c.  An injunction against Defendants prohibiting Defendants from engaging in

10          each of the unlawful practices, policies and patterns set forth herein;

11      d.  Liquidated damages, pursuant to the A.R.S.;

12      e.  Reasonable attorneys' fees and costs of this action;

13      f.  Pre-judgment and post-judgment interest as provided by law; and

14      g.  An Order requiring that Defendants return to Plaintiffs any gratuities and any

15          other funds wrongfully kept by Defendants; and

16      h.  Such other and further relief that the Court may deem just and proper.

17  ### JURY DEMAND

18      Plaintiff, on behalf of himself and the proposed class, demands a trial by jury on all

19  claims so triable.

20

21  Dated this __18ᵗʰ__ day of
    September, 2015
22

23                                  Respectfully submitted,

24                                  DKL Law, PLLC

25

26                                  DAVID W. LUNN
                                    14555 N. Scottsdale Road, Suite 240
27                                  Scottsdale, Arizona 85254
                                    (480) 500-1360
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NAPOLI LAW PLLC


_____

MARIE NAPOLI (pro hac vice pending)
1301 Avenue of the Americas, 10th Floor
New York, NY 10019
(212) 397-1000


IMBESI LAW P.C.


_____

BRITTANY WEINER (pro hac vice
pending)
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 736-0007
*Attorneys for Plaintiff*

MICHAEL K. JEANES, CLERK
BY D. Espinoza DEP
FILED

15 SEP 18 PM 4: 13

1   David W. Lunn (#019526)
    DKL Law, PLLC
2   14555 N. Scottsdale Road, Suite 240
    Scottsdale, Arizona 85254
3   Telephone: (480) 500-1360
    Facsimile: (480) 500-7341
4   david@dkllawfirm.com

5   -and-

6   Hunter J. Shkolnik (NY SBN 2031458, *pro hac vice* anticipated)
7   Priya Gandhi (NY SBN 5293907, *pro hac vice* anticipated)
    NAPOLI BERN RIPKA SHKOLNIK, LLP
8   350 Fifth Avenue, Suite 7413
    New York, New York 10118
9   Telephone: (212) 267-3700
    Fax: (212) 587-0031
10  Hunter@napolibern.com
    Pgandhi@napolibern.com
11

12

13

14  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

15  **IN AND FOR THE COUNTY OF MARICOPA**

16                                                  CV 2015-054061

    DAVID SENA, individually, and on behalf of all   Case No.
17  others similarly-situated,

18                              Plaintiffs,          **CERTIFICATE OF ARBITRATION**

19
        v.
20

21  UBER TECHNOLOGIES, INC., a Delaware
    corporation; RAISER, LLC, a subsidiary of
22  UBER TECHNOLOGIES, INC.; JOHN DOES I-
    V and JANE DOES I-V; BLACK
23  CORPORATIONS I-V; WHITE LIMITED
    LIABLITY COMPANIES I-V; and GREEN
24  PARTNERSHIPS I-V,
25
                                Defendants.
26

27

28

                                    1

1    Plaintiff, DAVID SENA, individually, and on behalf of all others similarly-situated,

2    by and through undersigned counsel, certifies that the amount in controversy, excluding interest and

3    attorneys' fees and costs, exceeds the limits set by the Local Rules of Practice for Compulsory

4    Arbitration.  Therefore, this case is NOT subject to the Uniform Rules of Procedure for Arbitration.

5

6    Respectfully submitted this 18th day of September, 2015.

7

8                                _____

9                                David Lunn (SBN 019526)
                                 DKL LAW, PLLC

10                               14555 N. Scottsdale Road, Suite 240
                                 Scottsdale, AZ 85254

11                               Telephone: (480) 500-1360
                                 Fax:  (480) 500-7341

12                               david@dkllawfirm.com

13                                          -and-

14
                                 Hunter J. Shkolnik (NY SBN 2031458, *pro hac vice* anticipated)
15                               Priya Gandhi (NY SBN 5293907, *pro hac vice* anticipated)
                                 NAPOLI BERN RIPKA SHKOLNIK, LLP
16                               350 Fifth Avenue, Suite 7413
                                 New York, New York 10118
17                               Telephone:  (212) 267-3700
                                 Fax: (212) 587-0031
18                               Hunter@napolibern.com
                                 Pgandhi@napolibern.com
19

20

21                               *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

                                           2

**In the Superior Court of the State of Arizona**
**In and For the County of Maricopa**

# CV2015-054061

CIVIL COVER SHEET
(Please Type or Print)

Plaintiff's Attorney ___David W. Lunn___

Attorney's Bar Number ___019526___

MICHAEL K JEANES CLERK
BY D. Espinoza DEP
FILED
15 SEP 18 PM 4: 10

Is Interpreter Needed? ☐ Yes ☑ No
 If yes, language type: _____
Attorney/Pro Per Signature _____
 To the best of my knowledge, all information is true and correct.

Plaintiff's Name(s): (List all)
David Sena
_____

_____   _____

Plaintiff's Address:
c/o David W. Lunn, DKL Law, PLLC

14555 N. Scottsdale Road, Suite 240

Scottsdale, AZ 85254

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
Uber Technologies, Inc.; Raiser, LLC   _____

_____

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☒ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☐ 116 Other (Specify) _____
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☒ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures
☐ 137 Twenty or More Structures

September 1, 2011

1

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Forcible Detainer
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S. §36-3704)
      (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts
      (See lower court appeal cover sheet in Maricopa)
- ☐ 194 Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL CASE TYPES:

- ☐ Administrative Review
      (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)

- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain–Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ☐ 195(a) Amendment for Marriage License
- ☐ 195(b) Amendment for Birth Certificate
- ☐ 163 Other _____
                              (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☒ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
M. Mogel, Deputy
10/9/2015 10:14:00 AM
Filing ID 6922849

David W. Lunn (#019526)
DKL Law, PLLC
14555 N. Scottsdale Road, Suite 240
Scottsdale, Arizona 85254
Telephone: (480) 500-1360
Facsimile: (480) 500-7341
david@dkllawfirm.com
    -and-
Marie Napoli (*pro hac vice pending*)
Napoli Law, PLLC
1301 Avenue of the Americas, 10th Floor
New York, New York 10019
Telephone: (212) 397-1000
MNapoli@napolilaw.com
    -and-
Brittany Weiner (*pro hac vice pending*)
Imbesi Law, P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Telephone: (212) 736-0007
brittany@lawicm.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DAVID SENA, individually, and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation; RAISER, LLC, a subsidiary of UBER TECHNOLOGIES, INC.; JOHN DOES I-V and JANE DOES I-V; BLACK CORPORATIONS I-V; WHITE LIMITED LIABLITY COMPANIES I-V; and GREEN PARTNERSHIPS I-V,<br><br>Defendants. | Case No. CV2015-054061<br><br>**AMENDED COMPLAINT**<br><br>(Breach of Contract; Unjust Enrichment; Fraud; Tortious Interference; Conversion)<br><br>**Jury Trial Demanded**<br><br>(Assigned to Honorable Susan Brnovich) |

For their Complaint against the Defendants, Plaintiff, David Sena, on behalf of himself and all other individuals who have worked or are currently working as drivers for

1

Defendants Uber Technologies, Inc. ("Uber") and Raiser LLC ("Raiser"), an Uber subsidiary ("Defendants" or "Uber") in the State of Arizona, by and through counsel, alleges the following:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff David Sena is a resident of Maricopa County, Arizona.

2.    Defendant Uber is a Delaware corporation headquartered in San Francisco, California, that is authorized to conduct business and does conduct business throughout the State of Arizona, including in Maricopa County, Arizona.

3.    Defendant Raiser is a subsidiary of Uber and is the equivalent of Uber for the purposes of this action, and is authorized to conduct business and does conduct business throughout the State of Arizona, including in Maricopa County, Arizona.

4.    Defendants JOHN DOES I-V and JANE DOES I-V; BLACK CORPORATIONS I-V; WHITE LIMITED LIABLITY COMPANIES I-V; and GREEN PARTNERSHIPS I-V, are fictitious Defendants whose true names or capacities, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time. Plaintiff therefore sues the Defendants by such fictitious names and will seek leave of the Court to amend this Complaint when their true names and capacities become known.

5.    Defendants have caused events to occur in Maricopa County, Arizona.

6.    The amount in controversy exceeds the minimum jurisdiction and limits of this Court.

7.    Venue is proper in Maricopa County, Arizona because the Defendants conduct business in Maricopa County, Plaintiff is a resident of Maricopa County, and the events that give rise to Plaintiff's causes of action occurred in Maricopa County.

## CLASS ALLEGATIONS

8.    Plaintiff brings this Class action pursuant to A.R.S. §23(a), on behalf of himself and all other similarly situated Uber drivers.

9.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by

1  amendment or amended complaint. Excluded from the Class are Defendants and their

2  affiliates, parents, subsidiaries, employees, officers, agents, and directors; government

3  entities or agencies, their affiliates, employees, officers, agents, and directors in their

4  governmental capacities; any judicial officer presiding over this matter and the members of

5  their immediate families and judicial staff; and class counsel.

6       10.    This action is properly maintainable as a class action. As provided in A.R.S.

7  §23(a)(1), the proposed Class "is so numerous that joinder of all members is impracticable."

8  As provided in A.R.S. §23(a)(2), "there are questions of law or fact common to the Class."

9       11.    Among the questions of law and fact that are common to the class include, but

10  are not limited to:

11      a.  Whether Defendants have charged customers a gratuity for class members'

12         services;

13      b.  Whether Defendants failed to distribute the total proceeds of those gratuities

14         to the class members;

15      c.  Whether Defendants have informed customers that gratuity is included in the

16         price of the Uber service and so there is no need to tip the drivers;

17      d.  Whether class members have suffered damages based upon Uber's

18         representation to customers that there is no need to tip the drivers;

19      e.  Whether Defendants improperly classified class members as independent

20         contractors rather than employees;

21      f.  Whether class members have been required to pay the expenses of their

22         employment, including the cost of a vehicle, repairs, gas and tolls;

23      g.  Whether Uber unlawfully denied to compensate its employees, Uber's

24         drivers, those expenses; and

25      h.  Whether class members were denied employee benefits as required by law.

26       12.    As provided in A.R.S. §23(a)(3), the proposed lead Plaintiff's representative

27  claims are typical of those of the proposed Class because the proposed lead Plaintiff's

28  damages are based upon the same legal theories. The proposed representative Plaintiff's

grievances, like the proposed Class grievances, arise out of the same business practices and course of conduct of Defendants.  Further, Plaintiffs' damages arise out of a pattern of nearly identical and repetitive business practices conducted by Defendants.  Finally, the representative Plaintiff has no special circumstances that would put him in conflict with the other members of the Class.

13.     As provided by A.R.S. §23(a)(4), the representative Plaintiff can adequately represent the Class. No conflict of interest exists between the representatives and the Class members or with respect to the claims for relief requested.

14.     The representative Plaintiff and his chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. In addition, the representative's attorneys are competent in the relevant areas of the law and have sufficient experience to vigorously represent the Class. Furthermore, the resources available to Class counsel ensure that the litigation will not be hampered by a lack of financial capacity. Plaintiffs' attorneys have sufficient financial resources and are willing to absorb the costs of this litigation.

15.     As provided by A.R.S. §23(b), a class action is superior to any other available method for adjudicating this controversy. This proposed class action is the surest way to fairly and expeditiously compensate so large a number of injured persons; to keep the courts from becoming paralyzed by hundreds, perhaps thousands of repetitive cases, and to reduce transaction costs so that the injured Class can obtain the most compensation possible.  Class treatment of this controversy presents a superior mechanism for fairly resolving similar issues and claims without repetitious and wasteful litigation.

## STATEMENT OF FACTS

**A.     Background**

16.     Uber is a car service that provides drivers who can be hailed and dispatched to through a mobile application.

17.     At all relevant times, Uber was an "employer" within the meaning of all applicable statutes.

4

18.     Uber compensates its drivers weekly. Uber takes a percentage of the total fares driven and the driver receives the remainder of the fare.  Because Uber classifies its drivers as independent contractors, Plaintiff had to pay expenses, including gas, tolls, car repairs and lease payments, from his portion of the fare.

19.     Uber also deducts a $1 "safe ride" fee from each fare which is allegedly used to pay for background checks, driver safety education and development of safety features in its mobile application – an expense the employer should pay, not the employee.

20.     From December of 2012 through the end of 2014, Plaintiff worked for Uber as an UberX driver.

21.     On average, Plaintiff drove sixteen (16) hours per week throughout the course of his employment with Uber.

22.     Initially, when Plaintiff began driving for Uber, he received 80% of the total fare, and Uber received the remaining 20% of the total fare.

23.     In the winter of 2014, Uber unilaterally changed the terms of Plaintiff's employment by substantially lowering the cost of a passenger fare. Although Plaintiff continued to earn 80% of the fare, his compensation per trip driven decreased due to Uber's decision to lower the cost of each ride.

24.     Plaintiff earned approximately $200 per week. From the $200, Plaintiff then had to pay his employment related expenses, including gas and tolls, which totaled between $35 and $50 per week.

25.     In the beginning of his employment, Plaintiff's expenses also included $10 per week for use of a borrowed iPhone. Once the application for Uber became accessible on an Android device, Plaintiff no longer needed to pay $10 per week for the cell phone rental.

26.     Over the course of his employment, Uber failed to compensate Plaintiff for any employment related expenses incurred, including gas, tolls, cellular phone bills, insurance, car maintenance and repairs.

27.     During the course of his employment, Plaintiff did not receive gratuities.

28.    Uber specifically advertises to its customers that tips are included in the cost of the fare (https://help.uber.com):

> # DO I NEED TO TIP MY DRIVER?
>
> You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file – there's no need to tip.

29.    Despite Uber's representation that "there's no need to tip," Uber drivers are not compensated for gratuities. In fact, Uber specifically instructed its drivers to refuse a cash gratuity if offered.

**B.    Misclassification of Drivers**

30.    Plaintiff alleges that Uber uniformly misclassifies its drivers as independent contractors when they should be categorized as employees.

31.    Uber exerts significant control over its drivers. For example, upon signing a license agreement to work for Uber, new drivers of Uber must watch a video demonstrating how Uber wants its drivers to interact with customers.

32.    In addition, all drivers for Uber must maintain an average customer star evaluation of at least 4.5 out of a possible 5 stars. Instructions on how to improve one's star rating are given to drivers who fall below this average in any given week. If a driver fails to maintain an average customer rating of 4.5, Uber will deactivate his or her ability to use the application to pick up customers, an action tantamount to terminating the driver "at will," a hallmark of an employee-employer relationship.

33.    Uber also unilaterally sets the fares for all rides and drivers are required to charge the cost determined solely by Uber.

34.    As a result of its misclassification, Uber failed to provide Plaintiff and other similarly aggrieved employees with itemized wage statements, minimum wages and reimbursement for necessary expenses. Uber failed to keep accurate payroll records evidencing drivers' hours worked and wages paid and unlawfully retained gratuities owed

1  to drivers, despite representing to customers and advertising that gratuity is included in the

2  total cost of the service.

3  **C.**     **Violations of Arizona Labor Laws**

4         35.     Plaintiff further alleges that Uber violated Arizona Labor Law in its (i) failure

5  to provide prompt payment of wages to drivers upon termination and resignation in

6  violation of A.R.S. § 23-355; (ii) retention of gratuities intended for drivers in violation of

7  A.R.S. § 23-202; (iii) failure to keep required payroll records in violation of A.R.S. § 23-

8  364; and (iv) its failure to pay minimum wages in violation of A.R.S. § 23-363.

9                                    <u>COUNT I</u>

10  **<u>TORTIOUS INTERFERENCE WITH CONTRACT & BUSINESS RELATIONS</u>**

11         36.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all

12  preceding paragraphs as if fully set forth herein.

13         37.     On its website, Defendants' specifically sets forth:

14
15
16
17

> # DO I NEED TO TIP MY DRIVER?
>
> You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file — there's no need to tip.

18

19         38.     Defendants' conduct, in failing to remit the total proceeds of gratuities to

20  drivers, constitutes unlawful tortious interference with the contractual and/or advantageous

21  relationship that exists between the drivers and customers.

22         39.     Defendants' conduct, informing customers "there is no need to tip,"

23  constitutes unlawful tortious interference with the contractual and/or advantageous

24  relationship that exists between the drivers and customers.

25         40.     Defendants had a contract with Plaintiff, were aware of those contracts,

26  intentionally procured the breach of those contracts, and caused Plaintiff damages thereby.

27  / / /

28  / / /

## COUNT II

## BREACH OF CONTRACT

41.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

42.    Defendants have a contract with the drivers, requiring them to remit to the drivers the total proceeds of all gratuities.

43.    At all relevant times, Defendants did withhold, and continue to withhold, gratuities given by customers to drivers, and/or gratuities that are incorporated into the set fare.

44.    Defendants' withholding of gratuities constitutes a breach of contract.

45.    As a result of the Defendants' withholding of gratuities, Plaintiff, on behalf of himself and the proposed class, has suffered damages by, among other things, not realizing the full income he and the class are entitled to receive.

## COUNT III

## UNJUST ENRICHMENT

46.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

47.    Defendants unlawfully retained gratuities owed to the drivers.

48.    As a result, Defendants has been unjustly enriched through their retention of a portion of the gratuities owed to the drivers.

49.    Plaintiff and the class members are entitled to restitution for their full share of the proceeds of the improperly retained gratuities.

## COUNT IV

## CONVERSION

50.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

51.    Defendants unlawfully took Plaintiff's property, namely tips and money spent for expenses, without Plaintiff's permission.

52.     As a result, Plaintiff was harmed and class members are entitled to restitution for their full share of proceeds, as well as treble damages.

## COUNT V

## UNFAIR COMPETITION

53.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

54.     Defendants' activities have caused confusion with, or have been mistaken for, Plaintiff's activities in the mind of the public, or are likely to cause such confusion or mistake; or Defendants has acted unfairly in Arizona some manner.

55.     Plaintiff's property rights, specifically gratuities and expenses, were misappropriated by Defendants for their commercial advantage.

56.     Defendants unjustly profited by Plaintiff's expenditure of time, labor and talent.

## COUNT VI

## FRAUD AND MISREPRESENTATION

57.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

58.     Defendants made a material representation of fact, that Plaintiff would receive gratuities, which was untrue, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

59.     Defendants also informed Plaintiff and proposed class members that they would receive a cancellation fee refund if a passenger cancelled, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

60.     Defendants made a material representation of fact, that Plaintiff would receive a card for discounted gas, which Defendants knew was an untrue statement at the time, with

1    the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur
2    damages.

3                                    **COUNT VII**

4                   **VIOLATIONS OF ARIZONA LABOR LAW**

5           61.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all
6    preceding paragraphs as if fully set forth herein.

7           62.    Despite the existence of an agreement indicating Plaintiff is an independent
8    contractor, the treatment of Plaintiff and control exercised by Uber indicate that Plaintiff is
9    an employee.

10          63.    Plaintiff seeks damages pursuant to Arizona Labor Law for violations of the
11   following sections:

12               a. Failure to provide prompt payment of wages to driver employees upon
13                  termination and resignation in violation of A.R.S. § 23-355;

14               b. Improperly retaining portions of gratuities intended for driver employees in
15                  violation of A.R.S. § 23-202;

16               c. Failure to keep required payroll records in violation of A.R.S. § 23-364;

17               d. Failure to pay minimum wages in violation of A.R.S. §23-363.

18          64.    As a result of Uber's violations, Plaintiff is entitled to recover damages
19   associated with the wages and benefits withheld in violation of Arizona Labor Law as well
20   as attorneys' fees pursuant to New York State Labor Law § 23-355. In addition, Plaintiff
21   seeks the imposition of penalties on the Defendants with respect to the applicable
22   provisions of A.R.S. § 23-341 and § 23-364.

23                              **REQUEST FOR RELIEF**

24          **WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, requests
25   relief against the Defendants as follows:

26               A. An award of damages, including compensatory, punitive, and treble damages,
27                  in an amount to be determined at trial;

28               B. Notice to the Classes of the action;

                                          10

1      C. An injunction against Defendants prohibiting Defendants from engaging in

2         each of the unlawful practices, policies and patterns set forth herein;

3      D. Liquidated damages, pursuant to the A.R.S.;

4      E. Reasonable attorneys' fees and costs of this action;

5      F. Pre-judgment and post-judgment interest as provided by law; and

6      G. An Order requiring that Defendants return to Plaintiffs any gratuities and any

7         other funds wrongfully kept by Defendants; and

8      H. Such other and further relief that the Court may deem just and proper.

9                      **JURY DEMAND**

10      Plaintiff, on behalf of himself and the proposed class, demands a trial by jury on all

11  claims so triable.

12

13  RESPECTFULLY SUBMITTED this 9th day of October, 2015.

14

15                    DKL Law, PLLC

16

17                    David W. Lunn
                  14555 N. Scottsdale Road, Suite 240

18                    Scottsdale, Arizona 85254
                  T: (480) 500-1360

19                        -and-

20                    NAPOLI LAW PLLC
                  Marie Napoli (pro hac vice pending)

21                    1301 Avenue of the Americas, 10th Floor
                  New York, NY 10019

22                    T: (212) 397-1000
                      -and-

23                    IMBESI LAW P.C.

24                    Brittany Weiner (pro hac vice pending)
                  450 Seventh Avenue, Suite 1408

25                    New York, New York 10123

26                    T: (212) 736-0007
                  *Attorneys for Plaintiff*

27

28

                        11

| Attorney or Party without Attorney:<br>David W. Lunn #019526<br>DKL LAW, PLLC<br>14555 NORTH SCOTTSDALE ROAD STE 240<br>SCOTTSDALE, AZ 85254<br>Telephone No: 480-500-1360 | | For Court Use Only<br>MICHAEL K. JEANES, CLERK<br>RECEIVED OCH<br>DOCUMENT DEPOSITORY<br>**2015 NOV -4 PM 12: 04**<br>**FILED**<br>BY D. CHILCOAT, DEP |
|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.:<br>SENA V. UBER | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY | | |
| Plaintiff: DAVID SENA | | |
| Defendant: UBER TECHNOLOGIES, INC., ET AL | | |

| **AFFIDAVIT OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV2015-054061 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; AMENDED COMPLAINT; CERTIFICATE OF ARBITRATION

3. a. *Party served:*  RAISER, LLC
   b. *Person served:*  KIRSTIN ERDRALIN, PROCESS SPECIALIST, AUTHORIZED

4. *Address where the party was served:*  NATIONAL REGISTERED AGENTS
   818 WEST 7TH STREET STE 930
   LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Oct. 30, 2015 (2) at: 10:45AM

7. *Person Who Served Papers:*
   a. DOUG FORREST



1511 West Beverly Blvd.
Los Angeles, CA 90026
Telephone   (213) 250-9111
Fax            (213) 250-1197
www.firstlegalnetwork.com

*Fee for Service:*   $95.00
I Declare under penalty of perjury under the laws of the State of ARIZONA that the foregoing is true and correct.

11/02/15
(Date)

(Signature)

8. *STATE OF ARIZONA, COUNTY OF* _____

*Subscribed and sworn to (or affirmed) before me on this* 2ᴰᴰ *day of* NOVEMBER 2015 *by DOUG FORREST*

*proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

Donal L Bergstrom
(Notary Signature)

| DONA L. BERGSTROM<br>Commission # 2104044<br>Notary Public - California<br>Los Angeles County<br>My Comm. Expires Apr 17, 2019 | AFFIDAVIT OF SERVICE<br>SUMMONS | 306693   .26320.745096 |
|---|---|---|

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| David W. Lunn #019526 <br> DKL LAW, PLLC <br> 14555 NORTH SCOTTSDALE ROAD STE 240 <br> SCOTTSDALE, AZ 85254 <br> Telephone No: 480-500-1360 | | MICHAEL K. JEANES, CLERK <br> RECEIVED CCB <br> DOCUMENT DEPOSITORY <br> 2015 NOV -6  PM 12: 46 |
| Attorney for: Plaintiff | Ref. No. or File No.: <br> SENA V. UBER | |
| Insert name of Court, and Judicial District and Branch Court: <br> SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY | | FILED <br> BY A. CANISALES, DEP |
| Plaintiff: DAVID SENA | | |
| Defendant: UBER TECHNOLOGIES, INC., ET AL | | |

| AFFIDAVIT OF SERVICE <br> SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: <br> CV2015-054061 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; AMENDED COMPLAINT; CERTIFICATE OF ARBITRATION

3. a. *Party served:*  UBER TECHNOLOGIES, INC.
   b. *Person served:*  FRANCES FERNANDEZ, AGENT, AUTHORIZED

4. *Address where the party was served:*  NATIONAL REGISTERED AGENTS
    160 GREENTREE DRIVE
    DOVER, DE 19901

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
   process for the party (1) on: Tue., Oct. 27, 2015 (2) at: 11:10AM

7. *Person Who Served Papers:*            *Fee for Service:*    $199.00
   a. SEAN BOYKEVICH               I Declare under penalty of perjury under the laws of the State of
                                       DELAWARE that the foregoing is true and correct.



**First Legal**

1511 West Beverly Blvd.
Los Angeles, CA 90026
Telephone   (213) 250-9111
Fax        (213) 250-1197
www.firstlegalnetwork.com

10/28/15
*(Date)*                                *(Signature)*

8. *STATE OF DELAWARE, COUNTY OF*   Kent                 October        *by SEAN BOYKEVICH*
   *Subscribed and sworn to (or affirmed) before me on this* 28 *day of*                       
   *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

Shelly Rae Miles
Notary Public
State of Delaware
Kent County
Notary No. 20140114000009
My Commission Expires on Jan 14, 2016

AFFIDAVIT OF SERVICE
SUMMONS
                                   *(Notary Signature)*     506412 .26320.744277

**EXHIBIT 2**

1  Mark Ogden; AZ Bar No. 017018
   Cory G. Walker; AZ Bar No. 027853
2  mogden@littler.com
   cgwalker@littler.com
3  LITTLER MENDELSON, P.C.
   Camelback Esplanade
4  2425 East Camelback Road
   Suite 900
5  Phoenix, AZ 85016
   Telephone:   602.474.3600
6  Facsimile:   602.957.1801

7  Attorneys for Defendants
   Uber Technologies, Inc. and Raiser, LLC
8

9              UNITED STATES DISTRICT COURT

10              FOR THE DISTRICT OF ARIZONA

11  David Sena, individually and on behalf of        Case No.
    all others similarly situated,
12                                                    **DECLARATION OF MICHAEL
                     Plaintiff,                       COLMAN IN SUPPORT OF
13                                                    DEFENDANTS' REMOVAL OF
    v.                                                CIVIL ACTION FROM STATE
14                                                    COURT**
    Uber Technologies, Inc.; Raiser, LLC; John
15  Does I-V and Jane Does I-V; Black
    Corporations I-V; White Limited Liability
16  Companies I-V; and Green Partnerships I-V,

17                     Defendants.

18

19          I, MICHAEL COLMAN, hereby declare and state:

20          1.      I am currently an Operations Specialist for Defendant Uber Technologies, Inc.

21  ("Uber"), and I work out of Uber's San Francisco location.  I have been employed by Uber since

22  October 19, 2011, and have worked as an Operations Specialist since February 2013.  In this role, I

23  consult with local operations teams about various aspects of Uber's operations and I have

24  comprehensive personal knowledge of Uber's general business model, as well as the operations of

25  Uber's wholly-owned subsidiary, Rasier, LLC ("Rasier").  I have personal knowledge of the facts set

26  forth in this Declaration, and I can and would testify to those facts if called and sworn as a witness.

27

28

LITTLER MENDELSON, P C
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602 474 3600

2.      Uber is a privately held corporation incorporated in the State of Delaware.  Its headquarters and principal place of business is in San Francisco, California.  Uber's primary administrative and financial functions, including human resources, benefits and payroll, are all managed at Uber's headquarters in San Francisco.  As stated above, Rasier is a wholly owned subsidiary of Uber.  Rasier is a Delaware limited liability company, and its principal place of business is in San Francisco, California.  Rasier's sole member is an employee of Uber who works at Uber's Headquarters in San Francisco and is a citizen of California.  Uber and Rasier are not governmental entities.

3.      Information in Uber's database indicates that no fewer than 22,400 individual transportation providers, including Plaintiff Sena, have used Uber's software application to generate leads in the State of Arizona from the time Uber launched in Arizona in October 25, 2012 to the present.  The data from which this information was derived is maintained in the regular course of Uber's business as a regular practice.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California, this 24 day of November 2015.

MICHAEL COLMAN

**EXHIBIT 3**

1   Mark Ogden; AZ Bar No. 017018
    Cory G. Walker; AZ Bar No. 027853
2   mogden@littler.com
    cgwalker@littler.com
3   LITTLER MENDELSON, P.C.
    Camelback Esplanade
4   2425 East Camelback Road
    Suite 900
5   Phoenix, AZ  85016
    Telephone:   602.474.3600
6   Facsimile:   602.957.1801

7   Attorneys for Defendants
    Uber Technologies, Inc. and Raiser, LLC
8

9                   SUPERIOR COURT OF THE STATE OF ARIZONA

10                           COUNTY OF MARICOPA

11  David Sena, individually and on behalf of      Case No. CV2015-054061
    all others similarly situated,
12                                                 **NOTICE TO ADVERSE PARTY
                    Plaintiff,                     OF REMOVAL OF CIVIL
13                                                 ACTION TO FEDERAL COURT**

14  v.

15  Uber Technologies, Inc.; Raiser, LLC; John
    Does I-V and Jane Does I-V; Black
16  Corporations I-V; White Limited Liability
    Companies I-V; and Green Partnerships I-V,
17
                    Defendants.
18

19  **TO PLAINTIFF DAVID SENA AND HIS ATTORNEY OF RECORD:**

20          PLEASE TAKE NOTICE that on November 25, 2015, Defendants Uber

21  Technologies, Inc. and Raiser, LLC filed a Notice of Removal of Civil Action in the United

22  States District Court for the District of Arizona.  A copy of the Notice of Removal of Civil

23  Action is served contemporaneously herewith and attached as **Exhibit 1**.

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    DATED this 25th day of November, 2015

2

3
                                          /s/ Cory G. Walker
4                                         Mark Ogden
                                          Cory G. Walker
5                                         LITTLER MENDELSON, P.C.
                                          Attorneys for Defendants
6                                         Uber Technologies, Inc. and Raiser, LLC

7

8    E-FILED this 25th day of November, 2015
     and a copy provided this same date to:
9
     Hon. Susan Brnovich
10   Superior Court Judge
     Via E-Filing System
11
     and by mail this same date to:
12
     David W. Lunn
13   DKL LAW, PLLC
     14555 N. Scottsdale Road #240
14   Scottsdale, AZ  85254

15   Marie Napoli
     NAPOLI LAW, PLLC
16   1301 Avenue of the Americas
     10th Floor
17   New York, NY 10019

18   Brittany Weiner
     IMBESI LAW, P.C.
19   450 7th Avenue, Suite 1408
     New York, NY  10123

20

21
     /s/ Ashleigh Machrol
22
     Firmwide:137145692.1 073208.1105
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

**EXHIBIT 4**

1    Mark Ogden; AZ Bar No. 017018
    Cory G. Walker; AZ Bar No. 027853
2    mogden@littler.com
    cgwalker@littler.com
3    LITTLER MENDELSON, P.C.
    Camelback Esplanade
4    2425 East Camelback Road
    Suite 900
5    Phoenix, AZ  85016
    Telephone:   602.474.3600
6    Facsimile:    602.957.1801

7    Attorneys for Defendants
    Uber Technologies, Inc. and Raiser, LLC

8

9              SUPERIOR COURT OF THE STATE OF ARIZONA

10                   COUNTY OF MARICOPA

| | |
|---|---|
| 11   David Sena, individually and on behalf of all others similarly situated, | Case No. CV2015-054061 |
| 12              Plaintiff, | **NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| 13 | |
| 14   v. | |
| 15   Uber Technologies, Inc.; Raiser, LLC; John Does I-V and Jane Does I-V; Black Corporations I-V; White Limited Liability Companies I-V; and Green Partnerships I-V, | |
| 16 | |
| 17              Defendants. | |

18

19      **TO THE CLERK OF THE SUPERIOR COURT OF ARIZONA, COUNTY OF**

20   **MARICOPA:**

21         PLEASE TAKE NOTICE that on November 25, 2015, Defendant Uber Technologies,

22   Inc. filed a Notice of Removal of Civil Action under 28 U.S.C. §§ 1331 (federal question),

23   1332(d), 1441 and 1446, and Local Rule 3.7 in the office of the Clerk of the United States

24   District Court for the District of Arizona, Phoenix Division.   A copy of said Notice of

25   Removal is attached as **Exhibit 1**.

26         PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal with

27   the Clerk of this Court effects the removal of this action in accordance with 28 U.S.C. §

28   1446(d).

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602 474 3600

1    DATED this 25th day of November, 2015

2

3                                         /s/ Cory G. Walker
4                                         Mark Ogden
                                          Cory G. Walker
5                                         LITTLER MENDELSON, P.C.
                                          Attorneys for Defendants
6                                         Uber Technologies, Inc. and Raiser, LLC

7

8    E-FILED this 25th day of November, 2015
     and a copy provided this same date to:
9

10   Hon. Susan Brnovich
     Superior Court Judge
11   Via E-Filing System

12   and by mail this same date to:

13   David W. Lunn
     DKL LAW, PLLC
14   14555 N. Scottsdale Road #240
     Scottsdale, AZ 85254
15
     Marie Napoli
16   NAPOLI LAW, PLLC
     1301 Avenue of the Americas
17   10th Floor
     New York, NY 10019
18
     Brittany Weiner
19   IMBESI LAW, P.C.
     450 7th Avenue, Suite 1408
20   New York, NY 10123

21

22   /s/ Ashleigh Machrol

23   Firmwide:137142431.1 073208.1105

24

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-