# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Sena,<br><br>        Plaintiff,<br><br>v.<br><br>Uber Technologies Incorporated, et al.,<br><br>        Defendants. | No. CV-15-02418-PHX-DLR<br><br>**ORDER** |

Plaintiff has filed a motion for reconsideration of the Court's April 7, 2016 Order granting Defendants' motion to compel arbitration. (Doc. 27.) For the reasons below, the motion is denied.

## **BACKGROUND**

Plaintiff David Sena filed a class action lawsuit against Defendants Uber Technologies Incorporated and Raiser LLC challenging Defendants' classification of Uber drivers as independent contractors. (Doc. 1-1.) Citing Uber's terms and conditions, which contain an arbitration provision, Defendants moved to compel arbitration and dismiss the case. (Doc. 12.) Sena responded, arguing that the Court should follow the Northern District of California's decision in *Mohamed v. Uber Technologies, Inc.*, 109 F. Supp. 3d 1185 (N.D. Cal. 2015), which found Defendants' arbitration provision unconscionable, and therefore unenforceable. (Doc. 20.)

On April 7, 2016, the Court granted Defendants' motion to compel arbitration.

1  (Doc. 27.) In declining to follow *Mohamed*'s reasoning, the Court concluded that the arbitration provision clearly and unmistakably delegates questions of arbitrability to the arbitrator because similar language had been found clear and unmistakable by the Supreme Court and the Ninth Circuit. (*Id.* at 6.) *Mohamed*'s conclusion was at odds with these decisions. Moreover, the Court was not persuaded that it could look beyond the four corners of the arbitration provision in order to find ambiguity; engaging in such analysis risks transforming a challenge to the arbitration provision into a challenge to the entire agreement, which the Court is to avoid.

Confining its analysis to the four corners of the arbitration provision and treating the arbitration provision as a separate contract, the Court concluded that the delegation clause was not unconscionable. The Court found that Arizona law governed the issue because the arbitration provision contained no choice of law clause. Ultimately, the Court found that the delegation clause was not procedurally unconscionable because it contained a conspicuous opt-out provision. (*Id.* at 9-11.) The Court also found no substantive unconscionability. (*Id.* at 11-13.) Plaintiff now seeks reconsideration of the Court's decision.

**LEGAL STANDARD**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351 (internal quotation marks omitted).

**ANALYSIS**

Much of Plaintiff's motion raises the same arguments set forth in his response to

Defendants' motion to compel arbitration. The motion identifies no new evidence, nor does it cite an intervening change in law. Thus, because the Court has already addressed those arguments, it will not restate its analysis here. Plaintiff argues, however, that the Court clearly erred by: (1) declining to follow *Mohamed* and, (2) concluding that it must confine its analysis to the four corners of the arbitration provision. The Court will address each argument in turn.

Plaintiff states: "In granting Defendants' motion, the Court incorrectly determined that [*Mohamed*] was not controlling authority." (Doc. 27 at 3.) Plaintiff appears to argue that *Mohamed* is binding authority because Uber's terms and conditions contain a California choice of law clause. But "district court decisions cannot be treated as authoritative on issues of law. The reasoning of district judges is of course entitled to respect, but the decision of a district judge cannot be a controlling precedent." *Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003). "Where a second judge believes that a different result may obtain, independent analysis is appropriate." *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). Furthermore, "[e]ven where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration by another district judge of similar contentions." *Id.* (internal quotation marks omitted). Contrary to Plaintiff's argument, the existence of a California choice of law clause does not transform *Mohamed* into binding authority, and the Court did not err in declining to follow its analysis.

Plaintiff argues the Court "improperly confined its analysis to the arbitration provision only" and "did not provide any support" for this decision. (Doc. 27 at 4-5.) But Plaintiff failed to convince the Court that it could look outside the four corners of the arbitration provision, which is a separate agreement from the remainder of the contract. Indeed, the arbitration provision spans five pages and was clearly marked with its own header. (Doc. 26 at 7.) The Court found *Mohamed*'s approach of selecting other terms within the contract as a whole and using them to invalidate a clearly marked arbitration

provision was inconsistent with Supreme Court and Ninth Circuit authority requiring courts to distinguish between challenges to the arbitration provision and the agreement as a whole. Relying on language outside of the arbitration provision blurs this distinction, and the Court found no controlling guidance on this issue. Plaintiff's argument is unpersuasive.

Plaintiff argues the Court "misinterpreted *Buckeye Check Cashing* and *Rent-A-Center*." (Doc. 27 at 6.) Both *Buckeye Check Cashing* and *Rent-A-Center* reaffirm the notion that challenges to the contract as a whole are to be decided by the arbitrator, and the Court's decision squares with both cases. Moreover, *Buckeye Check Cashing* states that arbitration provisions "are enforceable *apart* from the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). This language suggests that arbitration provisions must be analyzed *separate* from the contract as a whole. Should courts fail to heed this principle, they risk infringing on the role of the arbitrator and undermining the "national policy favoring arbitration and plac[ing] arbitration agreements on equal footing with all other contracts[.]" *Id.* at 443.

In addition, Plaintiff's contention that the Court is not prohibited "from consulting other contractual provisions when evaluating whether a delegation clause is enforceable" is unpersuasive. (*Id.*) Plaintiff cites the California state court cases relied upon by *Mohamed* as support, but these decisions are not persuasive, and the Court disagrees with their analysis. Plaintiff also relies on *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) and *WB, the Building Company, LLC v. El Destino LP*, 257 P.3d 1182 (Ariz. Ct. App. 2011) in demonstrating that Arizona law permits courts to look beyond the four corners of a conspicuous arbitration provision to terms within a larger contract when analyzing a specific challenge to the arbitration provision. Neither case stands for such a proposition. In fact, the Arizona Court of Appeals has concluded that "the enforceability of an arbitration provision is to be determined by considering the provision as an independent agreement, separate from the underlying contract[.]" *Stevens/Leinweber/Sullens, Inc. v. Holm Development & Mgmt., Inc.*, 795 P.2d 1308,

1312 (Ariz. Ct. App. 1990). Plaintiff's arguments are without merit.

Accordingly, Plaintiff fails to identify clear error in the Court's April 7, 2016 Order granting Defendants' motion to compel arbitration.

**IT IS ORDERED** that Plaintiff's motion for reconsideration, (Doc. 27), is **DENIED**.

Dated this 3rd day of May, 2016.

Douglas L. Rayes
United States District Judge